# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Anita Brock,** | Civil Action No. 6:16-1223-MGL-BM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **New Ark Investment, Inc., f/k/a Ark Holding Company, Inc.; Covenant Dove LLC and Alpha Health & Rehab of Greer** | |
| Defendants. | |

This action has been filed by the Plaintiff asserting claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12117, et seq. Plaintiff was originally represented by counsel; however, on August 10, 2016 counsel was allowed to withdraw due to Plaintiff's repeated failure to maintain contact with and cooperate with her counsel in this case.

On September 27, 2016, the Defendants filed a motion to dismiss, seeking dismissal of this case for failure of the Plaintiff to cooperate in discovery. As the Plaintiff was now proceeding pro se, a Roseboro Order was entered by the Court on September 27, 2016, advising Plaintiff of the importance of a dispositive motion and of the need for her to file an adequate response. Plaintiff was specifically advised that if she failed to file a properly supported response, the Defendants' motion may be granted, thereby ending her case. However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, the Plaintiff has failed to respond to the



motion. In fact, there is no indication on the docket of this case that the now pro se Plaintiff has ever contacted the Court (or the Defendants) in any way.

Based on the foregoing, the undersigned finds that Plaintiff meets all of the criteria for dismissal under Chandler Leasing Corp. v. Lopez, 669 F.2d 929 (4th Cir. 1982).[1] Accordingly, it is recommended that this action be dismissed for lack of prosecution. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Rule 41(b), Fed.R.Civ.P.

**The Clerk shall mail this Report and Recommendation to Plaintiff at her last known address. If the Plaintiff notifies the Court within the time set forth for filing objections to this Report and Recommendation that she wishes to continue with this case and provides a response to the motion to dismiss, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.** If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition. Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].[2]

---

[1]She is personally responsible for proceeding in a dilatory fashion, the Defendants are suffering prejudice due to having to expend time and resources on a case in which the Plaintiff is unresponsive, and no sanctions other than dismissal appear to exist as the Plaintiff is indigent (and therefore not subject to monetary sanctions) ands he has otherwise failed to respond to Court filings despite Court orders requiring her to do so. Lopez, 669 F.2d at 920.

[2]After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed.R.Civ.P. 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order. See Simpson v. Welch, 900 F.2d 33, 35-36 (4th Cir.1990); see also Ballard, 882 F.2d at 95-96 [holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion].



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

November 1, 2016
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

